

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:07CR415–HEH |
| ) | |
| EDDIE LEVERT DAVIS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Petition)

Eddie Lavert Davis a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. By Memorandum Order entered on October 11, 2011, the Court directed Davis to show good cause why his § 2255 Motion should not be barred by the relevant statute of limitations. Davis has responded. The matter is ripe for judgment.

## I. PROCEDURAL HISTORY

Davis pled guilty to conspiracy to possess with intent to distribute more than five hundred grams of cocaine hydrochloride. As part of the Plea Agreement, Davis waived his right to appeal his sentence. (Plea Agreement ¶ 6.) On April 29, 2008, the Court entered judgment in Davis's criminal case.[1] Davis did not appeal.

---

[1] The Court sentenced Petitioner to 252 months of imprisonment.

On August 12, 2008, Davis executed a letter wherein he complained:

> After I was sentence I told my counsel . . . I would like to appeal my sentence. My counsel told me that he file a notice of appeal on [my] behalf. Since sentencing I haven't spoke to my counsel, he haven't wrote or responded to any of letters, or responded to family phone calls. The reason I didn't notify the Courts earlier because, I thought my appeal was already process with the Courts. I recent got a docket update sheet from this Court, and that's when I became fully aware that my counsel didn't file a notice of appeal on my behalf. I would like to know what can I do about this situation to be able to file my appeal. . . . Can this Court please check into this matter and respond back to me.

(Dk. No. 34 (all errors in original).)

By Memorandum Order entered on September 3, 2008, the Court informed Davis the time to file an appeal had expired. The Court further informed Davis that a motion pursuant to 28 U.S.C. § 2255 was the primary means of collaterally attacking his sentence and provided Davis with the forms for filing such a motion.[2]

On December 17, 2009, the Court received a letter from Davis wherein he asserted that he had never received a copy of the September 3, 2008 Memorandum Order, which responded to his August 12, 2008 letter. Petitioner alleged,

> I wrote this Court last year in regards to my lawyer failing to file a direct appeal on my behalf after I had ask him to do so at my sentence. After that letter was sent to this Court I was then relocated to another jail. I went to the other jail on a writ from Aug 23, 2008 to Nov 17, 2008. I never recieved [sic] a letter from this Court in regards to my letter. . . . So now I'm writting [sic] this Court again to find out how can go about getting my rights to file a direct appeal in regards to my sentence and not the

---

[2] On October 5, 2009, the Court received a motion from Davis wherein he sought relief under 18 U.S.C. § 3582(c)(2). By Order entered on March 22, 2010, the Court denied Petitioner's motion for relief under 18 U.S.C. § 3582(c)(2).

2

conviction. Also because this Court never contacted me back, my time limit on filing a 28 U.S.C. § 2255 has expired.

(Dk. No. 41 (capitalization corrected).) By Memorandum Order entered on January 26, 2010, the Court again informed Davis that the primary means for challenging his sentence at this juncture was a motion pursuant to 28 U.S.C. § 2255. The Court sent Davis the forms for filing such a motion.

On April 1, 2010, Davis executed his 28 U.S.C. § 2255 Motion and placed it in the prison mail system. (§ 2255 Mot. 14.) Accordingly, the § 2255 Motion is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Davis contends that he is entitled to relief because his attorney failed to file an appeal after Petitioner requested that he do so.

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Davis's conviction became final on Tuesday, May 13, 2008, the last date to file a notice of appeal with respect to his criminal conviction. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003); *United States v. Clayton*, 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (2008) (requiring defendant to file an appeal within ten days of the entry of judgment). Therefore, under 28 U.S.C. § 2255(f)(1), Davis was required to file his § 2255 Motion by Wednesday, May 13, 2009. Nevertheless, Davis argues that his § 2255 Motion, filed April 1, 2010, is timely because he is entitled to a belated commencement of the limitation period and equitable tolling. For the reasons explained below, Davis fails to demonstrate that he filed his § 2255 Motion in a timely manner.

### B. Belated Commencement

As pertinent here, belated commencement refers to the provision in § 2255 which reads in relevant part: "A 1-year period of limitation shall apply to a motion under this

4

section. The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered though the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In his § 2255 Motion, Davis contends he is entitled to relief because his attorney failed to file an appeal as directed. (§ 2255 Mot. 5.) Davis indicates that he did not discover that his attorney had failed to file an appeal until sometime around August 12, 2008, when he obtained a docket sheet reflecting his attorney had failed to file an appeal. Hence, at the latest, the limitation period for filing a § 2255 Motion commenced as of August 12, 2008. Thus, Davis was required to file his § 2255 Motion by August 12, 2009. Because Petitioner did not file his § 2255 Motion until April 1, 2010, the § 2255 Motion remains barred by the statute of limitations.

Davis suggests that the statute of limitations should not commence until he realized that he needed to file a § 2255 Motion with respect to counsel's alleged failure to file an appeal. (Pet'r's Resp. Oct. 11, 2011 Mem. Order 2.) He is wrong. Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes the legal significance of that fact. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Thus, the limitation period commenced on the date Davis knew his attorney had failed to file an appeal, not the date Petitioner realized that he needed to file a § 2255 Motion with respect to that alleged omission.

C. **Equitable Tolling**

Motions under 28 U.S.C. § 2255 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a

5

'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitabtle tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Davis contends that he is entitled to equitable tolling because: (1) he was transferred to state authorities in South Carolina for a brief period and he could not contact this Court; and (2) his attorney failed to file an appeal. (Pet'r's Resp. to Oct. 11 Mem. Order 1-2.) "[C]ourts consistently hold that [the] results of prison transfers [such as that alleged here] are not extraordinary for the purposes of equitable tolling." *Allen v. Johnson*, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009). Moreover, Davis fails to demonstrate that the alleged extraordinary circumstances, rather than his lack of diligence, prevented him from filing his § 2255 Motion by August 12, 2009. Davis knew by August 12, 2008 that his attorney had not filed an appeal. Davis's submissions indicate that he was in state custody only between August 23, 2008 and November 17, 2008. Davis fails to plead specific facts which demonstrate that he acted with reasonable diligence after the conclusion of the alleged extraordinary circumstance. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (refusing to apply equitable tolling where the alleged extraordinary circumstance occurred at the very

6

beginning of the limitation period). Accordingly, Davis's § 2255 Motion will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                          /s/
                                         Henry E. Hudson
                                         United States District Judge

Date: Dec 19, 2011
Richmond, Virginia